# SUPERIOR COURT.

## FALL SESSIONS.

## 1879.

JOHN N. WRIGHT *v.* JOHN D. RODNEY, administrator of
JAMES H. MOORE, deceased.

The court will not award a writ to put in possession the purchaser of prem-
ises at sheriff's sale under execution process where the legal title of the
defendant in the writ thereto is in dispute and he was out of the possession
of them at the time of the sale.

RULE to show cause wherefore a writ should not be granted
to put the plaintiff in possession of a tract of four acres of land
and a small dwelling-house thereon, sold by the sheriff on a
writ of *venditioni exponas* at the suit of the plaintiff against the
defendant and brought by him and returned to this term of the
court.

The defendant appeared at the return of the rule and con-
tested the issuing of the writ of possession, and on the hearing
it appeared that one Samuel Tull went into possession of a larger
tract of eighty acres, of which the four acres in question were
claimed to be a portion, under a contract to buy it and an
alienation bond therefor from Jacob Nicholson in the year 1850,
and while so in possession of it sold it to James H. Moore,
who died in possession of it in 1872. It was proved by a
daughter of his that he went into possession of the land about
twenty-five years since and died in possession of it about seven
years ago, and that she had since been in possession of the four
acres in dispute and the small frame house on them until the

573

same, with her household goods in it, had been removed entirely from them without her knowledge and while she was away. It was admitted that Robert Tull, a son of Samuel Tull, had entered and taken possession of the four acres in question some time before the sale of them by the sheriff under the writ.

*The Court,* on the facts proved, discharged the rule.

*Moore,* for the plaintiff.

*Nicholson* and *Cullen,* for the defendant.